Hofman v. Chicago League Ball Club, 195 Ill. App. 249.

## Arthur Hofman, Appellee, v. Chicago League Ball Club, Appellant.

### Gen. No. 20,844.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915. Rehearing denied November 15, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Arthur Hofman, plaintiff, against Chicago League Ball Club, defendant, to recover a balance of salary claimed to be due under a contract of employment. From a judgment for plaintiff for $2,944.47, defendant appeals.

The evidence shows that plaintiff is a professional baseball player, and that defendant is engaged in giving exhibitions of games of baseball with a club known as the Chicago National League Baseball Club.

On February 23, 1911, plaintiff entered into a written contract with defendant by which it was agreed that plaintiff should play ball for defendant and for no other party, except with defendant's consent, during the series of 1911 and 1912. He was to receive a salary of $5,000 a year in semimonthly instalments, and an allowance for uniforms, traveling expenses, etc. The baseball season was to begin about April 12th and end about October 12th of each year. The contract also provided that defendant might give plaintiff ten days' written notice to end its obligation under the contract. Plaintiff entered into the service of defendant and played during the season of 1911, and during 1912 up to May 30th.

The parties stipulated the following facts as if proven: That on May 29, 1912, the defendant and the Pittsburg Club made an exchange of players under terms set out in certain telegrams and letters, which contained, in brief, an arrangement for the Chicago

Club to trade the plaintiff and another player to the Pittsburg Club for two of its players, and in a letter dated May 29th to defendant from the Pittsburg Club the latter club says: "The Pittsburg Athletic Company will, of course, assume the contract which the Chicago League Baseball Club now has with Mr. Hofman and Mr. Cole." It was also stipulated "that the Chicago League Ball Club contract with Hofman was duly assigned to and accepted by the Pittsburg Athletic Company, by the defendant, and approved by the president of the National League of Professional Baseball Clubs."

On May 30th defendant wrote to plaintiff, in part, as follows:

"Mr. A. F. Hofman,
    West Side Ball Park, City.
Dear Sir:
    "This is to inform you that your services have been released to the Pittsburg Club of the National League, to take effect immediately, and Manager Clarke of that Club requests that you report to him at Philadelphia in time for Saturday's game.
    "Your contract with the Chicago Club has been assigned over to the Pittsburg Club and will be carried out by that Club."

There was no evidence of any knowledge on the part of plaintiff of anything pertaining to the exchange other than that imparted by this letter. Plaintiff thereupon went to Pittsburg and played with that club. No written contract was made between him and the Pittsburg Club, but it paid him sums of money from time to time to the end of the season, aggregating $697.47, which was less than the salary he was to receive for the same period under the Chicago Club contract by $2,944.47. On asking the president of the Pittsburg Club for more money, plaintiff was told to collect from the Chicago Club as his contract was with it and not with the Pittsburg Club.

Defendant claimed that there was a novation of the contract, the original contract between plaintiff and defendant being extinguished and its place taken by a new contract between plaintiff and the Pittsburg Club.

WILKERSON & CASSELS, for appellant; EDWIN H. CASSELS and KENNETH B. HAWKINS, of counsel.

ROY D. KEEHN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. NOVATION, § 1*—*what essential requisites.* The essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract and the validity of the new one.

2. NOVATION, § 2*—*when evidence insufficient to show assent to new contract.* Evidence in an action on a contract examined and *held* insufficient to show the assent essential to the cancellation of the old contract and the assent of a new one.

3. APPEAL AND ERROR, § 1466*—*when error harmless.* In an action to recover on a contract, error in reading a portion of plaintiff's statement of claim to the jury and in refusing to strike out portions of the statement are not grounds for reversal where the defense is a novation of the contract and the Appellate Court finds as a matter of law that there was no novation.

---

Frank A. Aoskad, Appellee, v. Packard Motor Car Company of Chicago, Appellant.

## Gen. No. 20,941.

CHATTEL MORTGAGES, § 267*—*when report of sale under power in mortgage insufficient.* A report to the mortgagor of the sale of mortgaged chattels under a power of sale in the mortgage does not sufficiently comply with the requirements of Hurd's Ill. St. 1913, ch. 95. sec. 26 (J. & A. ¶ 7603), where it omits to give the name of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.